The Honorable Jerry Don Ramey, Prosecuting Attorney 15th Judicial District 314 N. 2nd, P.O. Box 381 Dardanelle, AR 72834
Dear Mr. Ramey:
You have requested an Attorney General opinion concerning the power of the quorum court to enter into agreements with a collection agency for the collection of municipal court fines, or to dictate that the municipal court enter into such an agreement.
You have specifically referenced the following language from Attorney General Opinion No. 91-282, which addressed this issue:
 A.C.A. § 16-17-127,[1] cited earlier, may stand as some authority that quorum courts are denied the power to legislate on the question of retaining a private firm to collect costs and fines for municipal court. That statute contemplates that the municipal court itself will enter into the contract, "upon approval of the governing body or governing bodies exercising control over the municipal court." The statute does not envision the "governing body" or quorum court, as the case may be, initiating the decision to contract for the private collection of fines and costs.
Op. Att'y Gen. No. 91-282, at 3.
You have presented the following question:
 Is the above-quoted language from Attorney General Opinion No. 91-282
still valid?
It is my opinion that the above-quoted language from Attorney General Opinion No. 91-282 is still valid.
The language under consideration was written in response to the question of whether a quorum court has the constitutional authority to dictate to a municipal court the means by which it must collect fines and/or costs. The Attorney General concluded, in part upon the basis of A.C.A. §16-17-127 (which makes reference to municipal courts entering into contracts, with the approval of the governing body, for the collection of fines — see Footnote 1), that the quorum court does not have that authority. Rather, the municipal court itself has the authority to make that determination, with the approval of the quorum court (or other governing body). The same conclusion was stated in Attorney General Opinion No. 95-085.
There have been no developments in the law since those opinions were rendered that would change the conclusions stated therein.
I therefore conclude that the language quoted above from Attorney General Opinion No. 91-282 is still valid.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] A.C.A. § 16-17-127 states:
 (a) If a municipal court, upon approval of the governing body or governing bodies exercising control over the municipal court, contracts with a person for the person to provide any of the following services:
(1) Probation services;
(2) Pretrial supervised release programs;
(3) Alternate sentencing programs; or
 (4) The collection and enforcement of fines and costs; then, to insure the integrity of the court and to protect the city and county officials, before services regulated by this section are rendered, the person shall register with the Secretary of State and shall file with the Secretary of State a surety bond or certificate of deposit.
 (b) The amount of the surety bond or certificate of deposit shall be fifty thousand dollars ($50,000). The city or county or any person suffering damage by reason of the acts or omissions of the person or an employee of the person in the performance of services subject to this section may bring action on the bond for damages.